NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 27 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICIA RINCON CAPERA; et al., | No. 25-1533 |
| Petitioners, | Agency Nos. A249-015-830 A249-015-831 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2026[**]

Before:   WARDLAW, CLIFTON, and R. NELSON, Circuit Judges.

Alicia Rincon Capera, a native and citizen of Colombia, and her daughter, a

native and citizen of Mexico, petition pro se for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

decision denying their applications for asylum, and Rincon Capera's applications

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's conclusion that petitioners failed to show a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative").

Because Rincon Capera failed to show eligibility for asylum, she failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021).

Thus, petitioners' asylum claims and Rincon Capera's withholding of removal claim fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT protection because Rincon Capera failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Colombia. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**